IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GEROLD ASKEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00629 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DAVIDSON COUNTY SHERIFF'S | ) |
| OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed by Gerold Askew, a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee. Plaintiff has also filed an application to proceed in forma pauperis (IFP) (Doc. No. 2) and a motion to appoint counsel. (Doc. No. 3.) The complaint is now before the Court for ruling on the IFP application and an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 2) is **GRANTED**. As explained below, Plaintiff has already been assessed a civil filing fee for the claims asserted here, upon a showing that he lacks sufficient funds to prepay the fee. *Askew v. Davidson Cty. Sheriff's Office, et al.*, No. 3:19-

cv-00302, Doc. No. 6 (M.D. Tenn. May 15, 2019). The Court therefore declines to assess an additional fee at this time.

## INITIAL REVIEW OF THE COMPLAINT

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, § 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in § 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure,

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II.  SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III.  ALLEGATIONS AND CLAIMS

Plaintiff sues the Davidson County Sheriff's Office and Corporal Jacob Steen, claiming violations of his Fourteenth Amendment rights and state tort law based on allegations which he previously presented to this Court, in Case No. 3:19-cv-00302. (Doc. No. 1 at 3.) Plaintiff acknowledges that his prior action was against these same Defendants; that the prior action was based on the same allegations around an incident that occurred on February 13, 2019; and, that the prior action was dismissed upon initial screening for failure to state a claim upon which relief may be granted. (*Id.*) Plaintiff states that he was unable to articulate proper legal arguments in his first complaint, leading him to refile the matter with the complaint currently before the Court. (*Id.*)

The factual allegations of the current complaint contain only minor, immaterial differences from the allegations that the Court considered in Case No. 3:19-cv-00302. Accordingly, the following summary of allegations from the Court's prior Memorandum Opinion remains pertinent:

3

> [Plaintiff] alleges that on February 13, 2019, he was called for an insulin check at 4:30 a.m. and reported to the nurse's station. While waiting to be called back to see the nurse, Plaintiff used the restroom in the hallway where he was waiting and emerged from the restroom to find Corporal Steen standing outside the restroom door. Corporal Steen asked him, "Can't you read boy?", but Plaintiff did not respond and sat back down to wait for the nurse to call him. When he was called to the nurse's station, Plaintiff stood but Steen blocked his path to the nurse by standing in front of him with his arms spread out. Plaintiff "could tell he was looking for a confrontation," but "just sa[id] that's ok and went back to the unit[,] then to [his] room" and asked another officer for his meal tray. As the other officer turned to get Plaintiff's breakfast, Steen came to the cell door with Plaintiff's tray but refused to give the tray to the other officer. Steen handed the tray to Plaintiff through the door flap and stood smiling in the door window. Plaintiff's milk and apple sauce containers were empty and the remaining food was "shook up[,] bread smush[ed] down in the oatmeal and eggs everywhere." Plaintiff alleges that he has already had one heart attack, and that missing his medication and breakfast that morning "about gave [him] another one."
>
> Plaintiff alleges that in the week that followed, he spoke with other officers and administrators about the incident with Corporal Steen and was told that Steen was subsequently fired or resigned over the incident. Plaintiff states that he filed a grievance, but that because the issue was properly addressed and Steen apparently no longer worked at the Sheriff's Office, he did not need to pursue a grievance appeal.

(Case No. 3:19-cv-00302, Doc. No. 5 at 3–4.)

In his current complaint, Plaintiff alleges that all administrative remedies were exhausted; confirms that he is type 1, insulin-dependent diabetic; and claims that Defendant Steen's actions constituted a misuse of force, deliberate indifference to his safety and serious medical needs, and assault and battery as well as criminal conduct under state law. (Doc. No. 1 at 3–4, 9–13.) He further alleges that Defendant Davidson County Sheriff's Office has a policy of punishing inmates for taking any action contrary to the orders of an officer or for acting aggressively, and that his fear of suffering the consequences of this policy was the cause of the harm he suffered. (*Id.* at 13.) Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.* at 15–17.)

IV.     ANALYSIS

Plaintiff's original lawsuit based on these allegations was filed IFP and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted, on May 15, 2019. (Case No. 3:19-cv-00302, Doc. Nos. 5–6.) The Court found that Plaintiff's "allegation that missing one dose of insulin and one meal 'about gave' him a heart attack, without any other alleged repercussions, does not indicate a level of seriousness sufficient to support a constitutional violation," and that the complaint otherwise failed to state a claim under Section 1983. (*Id.*, Doc. No. 5 at 5–6.) Judgment was entered against Plaintiff that same day under Federal Rule of Civil Procedure 58(a). (*Id.*, Doc. No. 7.) Plaintiff did not seek to alter or amend that judgment under Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.") Instead, he waited until July 2019 to re-file the action, again proceeding IFP.

Plaintiff's re-filed complaint is barred by the doctrine of res judicata. *See Johnson v. United States*, 37 F. App'x 754, 755 (6th Cir. 2002) (affirming sua sponte dismissal of prisoner case on res judicata grounds at initial screening). Federal res judicata principles apply because the initial case was filed in, and judgment was rendered by, this Court,. *Remus Joint Venture v. McAnally*, 116 F.3d 180, 184 n.5 (6th Cir. 1997); *see also*, *e.g.*, *Oreck Direct, LLC v. Dyson, Inc.*, 544 F. Supp. 2d 502, 508 (E.D. La. 2008) ("The federal law of res judicata applies to federal judgments."). "Res judicata applies when there is: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Clemons v. Ohio Bureau of Workers' Comp.*, No. 17-4092,

5

2018 WL 1845871, at *1 (6th Cir. Mar. 8, 2018) (quoting *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009)).

All four requirements are met here. Because the instant action is brought IFP, the dismissal of Plaintiff's prior IFP filing under Section 1915(e) operates as a final decision on the merits. *Id.* (citing *Davis v. Butler County*, 658 F. App'x 208, 213 (6th Cir. 2016)) (noting that "dismissal under § 1915(e) operates as an adjudication on the merits . . . as to future complaints filed in forma pauperis"). The two actions are between the same parties, and all issues in the current complaint either were or should have been litigated in the prior action. Finally, even though the current complaint raises legal theories somewhat different from those raised in the prior action and seeks different remedies, the facts underlying the causes of action and the proof required to establish them are the same; therefore, an identity of the causes of action exists. *Id.* at *2 (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) ("Identity of causes of action means an identity of the facts creating the right of action and of the evidence necessary to sustain each action."), and *Nathan v. Rowan*, 651 F.2d 1223, 1228 n.8 (6th Cir. 1981) ("[T]he doctrine of res judicata necessarily applies to all matters, including new or different legal theories against the same parties. . . .")).

In short, "Plaintiff seeks to relitigate the dismissal of his earlier case, but allowing him 'to do so would be a waste of judicial resources and the precise situation that the doctrine of res judicata prohibits.'" *Jefferson v. Ferrer, Poirot & Wansbrough*, No. 3:10-00754, 2011 WL 5117789, at *3 (M.D. Tenn. Oct. 27, 2011) (quoting *Hanger Prosthetics & Orthotics East, Inc. v. Henson*, 299 F. App'x 547, 556 (6th Cir. 2008)). Because the doctrine of res judicata is plainly applicable here, this action must be dismissed.

## CONCLUSION

For the reasons set forth above, this action is barred by res judicata and is hereby **DISMISSED**. Plaintiff's motion to appoint counsel (Doc. No. 3) is **DENIED** as moot.

This is the final order in this action. The Clerk **MUST** enter judgment. Fed. R. Civ. P. 58(b)(1). Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE